# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHAUN VLK, on behalf of himself and all similarly situated persons, | ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 17-cv-02952 |
| CAPITAL FITNESS, INC. and CF MANAGEMENT-IL, LLC, both d/b/a XSPORT FITNESS, | ) ) ) ) ) | |
| Defendants. | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Shaun Vlk ("Plaintiff") brings this action on behalf of himself and all persons similarly situated, and alleges as follows against Defendants, Capital Fitness, Inc. and CF Management – IL, LLC, both doing business as Xsport Fitness:

## INTRODUCTION

1. This action seeks relief for past and present Xsport Fitness employees, whom Defendants: 1) failed to pay appropriate overtime in violation of the Fair Labor Standards Act ("FLSA") and state law; and 2) failed to pay wages at the agreed rate in violation of the Illinois Wage Payment and Collection Act ("IWPCA").

## PARTIES

2. Defendant Capital Fitness, Inc. ("Capital Fitness") is a corporation organized under the laws of the State of Illinois and has its principal offices in Big Rock, Illinois.

3. CF Management – IL, LLC ("CF") is a limited liability company organized under the laws of the State of Illinois and has its principal offices in Big Rock, Illinois.

4. Capital Fitness and CF both do business as Xsport Fitness and individually and collectively are referenced herein as "Defendants" or "Xsport".

5. CF is a wholly owned subsidiary of Capital Fitness.

6. Defendants own and/or operate gyms that are in the business of providing exercise services, including personal training. Defendants caused hundreds of similarly situated workers that are the subject of this action to be employed and/or paid compensation for working as employees at their gyms.

7. Capital Fitness owns and/or operates the aforementioned gyms.

8. CF provides management and operation services to Capital Fitness at the same gyms.

9. Defendants employed Plaintiff in Defendants' gym in Chicago's Lakeview neighborhood from approximately April of 2015 through September of 2016. During the period from approximately May of 2016 through September of 2016, Defendants employed Plaintiff as a personal trainer.

10. Capital Fitness and CF are, individually and collectively, Plaintiff's employer. At relevant times and in papers associated with Plaintiff's employment provided to Plaintiff by Defendants, each Defendant has identified itself as Plaintiff's employer.

11. Documents provided to Plaintiff at hiring and in the course of his employment identify Capital Fitness as Plaintiff's employer. *See*, *e.g.,* Employment Application, Exhibit A; New Hire Information Form, Exhibit B; Non-Solicitation, Non-Competition, Confidentiality Agreement, Exhibit C ("the undersigned employee ('Employee') acknowledges that Capital Fitness, Inc. ('Employer'). . .that Employee will, as a result of his or her employment by Employer. . . .").

12. Documents provided to Plaintiff at hiring and in the course of his employment identify CF as Plaintiff's employer. *See*, *e.g.*, Notice and Acknowledgement of Pay Rate and Payday, Exhibit D.

13. Capital Fitness and CF do not observe normal corporate formalities and often use each other's name interchangeably, and each Defendant operates out of the same office and shares common officers and directors.

14. Alternatively, Capital Fitness and CF are joint employers of Plaintiff.

15. Both Capital Fitness and CF exercised control over the working conditions of Plaintiff and other employees.

16. Both Capital Fitness and CF had the authority to hire and fire Plaintiff and other employees.

17. Both Capital Fitness and CF promulgated the rules of work and conditions of employment to Plaintiff and other employees.

18. Both Capital Fitness and CF issue instructions on the operation of the gyms where Plaintiff and other employees have worked.

19. Capital Fitness and CF's joint and mutual control over the rules of work, conditions of employment, and instructions on the gyms' operations are borne out by Defendants' form regarding receipt and acknowledgment of the employee handbook, which Defendants required Plaintiff and other employees to sign, which states: "I acknowledge receiving a copy of the Capital Fitness, Inc. Employee Handbook as of December 1, 2005 (together with revisions as of the date hereof), that it has been adopted by CF Management – IL, LLC ("CF" or "Company") as the Company's employee handbook and that it supersedes all previous handbooks of CF."

20. Alternatively, to the extent CF is Plaintiff's sole employer, the conduct complained

of herein occurred as a result of the directions and direct mandates of Capital Fitness, and Capital Fitness exerted operational control over the means, methods, terms and conditions of Plaintiff's employment as set forth above.

21. As a result, Capital Fitness and CF are individually and jointly liable for the conduct alleged herein.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

23. The Court also has jurisdiction over the state-law claims under 28 U.S.C. § 1367 because those claims are so related to the federal claim that they form part of the same case or controversy. Plaintiff's state and federal claims arise out of a common nucleus of operative fact; the herein-described facts give rise both to Plaintiff's federal and state law claims.

24. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in this judicial District and regularly do business in this District, and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS

25. The duties of Defendants' personal trainers ("Trainers"), like Plaintiff, who are non-exempt under the FLSA, include, but are not limited to: 1) providing exercise and physical training services to Defendants' clientele at Defendants' gyms; 2) enrolling new gym members for Defendants and signing them up for personal training services; and 3) other work as required by Defendants, such as cleaning and maintaining the appearance of the gym.

<u>Failure to Pay Wages at the Agreed Rate</u>

26. Defendants entered into written agreements with Plaintiff and other Trainers setting forth the wages Plaintiff and other Trainers will receive for various types of work. *See*, *e.g.*, Exhibit D.

27. This agreement is a standardized pre-printed agreement provided to and entered into with Plaintiff and other Trainers. *See id.*

28. The agreement, in pre-printed text, states that the "individual session rate in the case of a pulled manual ticket where client is an untimely cancellation or a no show is $12.00 per hour." *Id.*

29. However Defendants did not pay Plaintiff $12.00 per hour when a client untimely cancelled or did not show. Instead, during the course of Plaintiff's employment, Defendants paid Plaintiff $10.50 per hour when a client was an untimely cancellation or a no show. *See* Payroll Break Out, Exhibit E.

30. Defendants, at relevant times, have likewise paid similarly situated Trainers less than the agreed rate when clients cancel or don't show.

<u>Failure to Pay Overtime at One and One-Half Times the Regular Rate</u>

31. Plaintiff and other Trainers often earn commissions for signing individuals up for gym memberships, personal training packages, or similar services on specific dates of employment.

32. Defendants do not account for these commissions when calculating the regular rate of pay for purposes of paying overtime. As a result, Defendants paid overtime to Plaintiff and other Trainers at a rate that is below one and one-half times the employee's actual regular rate of pay.

33. Plaintiff worked overtime and earned commissions in the same pay period and those commissions were not accounted for in determining Plaintiff's rate of pay for the corresponding overtime payments. As a result, Plaintiff was paid for overtime at a rate that was less than one and one-half times his regular rate. Additionally, Defendants did not subsequently pay Plaintiff an overtime adjustment or overtime "true-up" at a later date to account for the inclusion of commissions in his regular rate of pay.

34. Defendants, at relevant times, likewise did not account for commissions when paying overtime to similarly situated Trainers, and as a result Defendants have not paid their Trainers overtime at one and one-half time their regular rates of pay.

## COLLECTIVE ACTION ALLEGATIONS

35. As more fully set forth below, Plaintiff brings Count I of this Complaint individually and on behalf of the following Collective as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b):

> **Collective:**
> All Trainers employed in an XSport Fitness gym in the United States who, at any time in the prior three years preceding the date this Complaint was filed, until the date of trial, earned commissions, bonuses and/or incentives attributable to weeks in which they worked in excess of forty (40) hours.[1]

Excluded from the Collective are current and former executives and officers of Defendants, Defendants' counsel, Plaintiff's counsel, and any member of the judiciary presiding over this action.

36. An FLSA collective action will benefit Plaintiff and other employees who were similarly subject to Defendants' practice of failing to correctly pay overtime wages.

---

[1] Plaintiff reserves the right to modify the Collective definition as appropriate.

37. The number and identity of such similarly situated employees are ascertainable from Defendants' records.

38. The facts set forth here satisfy the lenient requirements for maintenance of a collective action under Section 216(b) of the FLSA.

39. Plaintiff is a member of the proposed Collective and consents to join this collective action. *See* Consent to Join, Exhibit F.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein, and brings Count I individually and on behalf of the Collective.

41. Defendants, by their conduct set forth herein, knowingly and willfully violated the FLSA, 29 U.S.C. § 201 *et seq*.

42. At relevant times, Plaintiff and other members of the Collective were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and Defendants were individually and jointly an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

43. Pursuant to the FLSA, Defendants are required to pay employees a rate of one and one-half their regular rate of pay for hours worked in excess of 40 hours in a workweek. 29 U.S.C. § 207(a)(1).

44. Plaintiff and the Collective earned commissions, bonuses, and/or incentive payments (collectively herein, "commissions") attributable to weeks in which they worked overtime and as a result Defendants must include said payments in Plaintiff and the Collective members' regular rate of pay for purposes of calculating their overtime. *See* 29 C.F.R. §§ 778.117, 778.118.

45. To compensate for the inclusion of commissions in the regular rate of pay when commissions are not paid contemporaneously with the overtime, as is the case here, additional amounts must be paid to Plaintiff and the Collective in the form of an overtime adjustment ("overtime adjustment" or "true-up"). *See* 29 C.F.R. §§ 778.119, 778.120.

46. The relevant federal regulation sets out the calculation of these overtime adjustments, which requires that an employer determine the amount of overtime worked in a workweek and the amount of commission that was earned in that same workweek, and then calculate the overtime adjustment due therefrom for that particular workweek. *See* 29 C.F.R. §§ 778.119. 778.120.

47. These regulations required Defendants to pay Plaintiff and the Collective overtime at a rate of one and one-half their regular rate of pay for hours worked in excess of 40 in a workweek, including applicable overtime adjustments for commissions earned, but, Defendants did not abide by the regulations and have not paid Plaintiff and the Collective any overtime adjustments despite the fact that they regularly earned commissions in weeks in which they worked in excess of 40 hours.

48. This failure to pay overtime adjustments was willful and resulted in a failure to pay Plaintiff and the Collective all overtime wages due to them.

49. Within the past three years, Defendant's above-described decisions, practices and policies prevented Plaintiff and other Trainers from receiving the appropriate overtime compensation for all hours worked in excess of 40 per workweek.

50. No FLSA exemption or regulation permits Defendants to not pay Plaintiff and the Collective overtime adjustments.

51. As a result of Defendants' aforementioned conduct, Plaintiff and the Collective were denied proper overtime wages as set forth above for time worked in excess of 40 hours per week during the Collective period, and are entitled to damages, including unpaid overtime adjustments, liquidated damages, and attorneys' fees and costs, as permitted by the FLSA, in amounts to be proven at trial.

## CLASS ACTION ALLEGATIONS

52. As more fully set forth below, Plaintiff brings Counts II and III of this Complaint individually, and pursuant to Fed. R. Civ. P. 23 on behalf of the following Classes of similarly situated persons:

**Agreed Rate Class:**
All Trainers employed in an XSport Fitness gym in the State of Illinois who, at any time from ten years preceding the date this Complaint was filed, until the date of trial, were paid less than the agreed upon wage for work classified as client "cancellation" or "no show" time.

**Overtime Class:**
All Trainers employed in an XSport Fitness gym in the State of Illinois, who, at any time from three years preceding the date this Complaint was filed, until the date of trial, received commissions, bonuses and/or incentives attributable to weeks in which they worked more than forty (40) hours.[2]

Excluded from each Class are current and former officers of Defendants, Defendants' counsel, Plaintiff's counsel, and any member of the judiciary presiding over this action.

53. Plaintiff reasonably believes that each Class includes at least one hundred members, making joinder of all Class members impracticable.

54. Plaintiff's claims are typical of the claims of other Class members.

---

[2] Unless otherwise noted, the "Class" as used in this Complaint refers to both the Agreed Rate Class and the Overtime Class. Plaintiff reserves the right to modify the Class definitions as appropriate, and to plead additional supporting causes of action.

9

55. Plaintiff will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to the Class; and Plaintiff has retained counsel experienced in class action litigation.

56. A class action provides a superior and manageable method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Class is impracticable, and many members of the Class cannot feasibly vindicate their rights by individual suits because the monetary value of their recoveries are outweighed by the burden and expense of litigating individual actions against the corporate Defendants.

57. Common questions of law and fact exist as to all members of the Class, and predominate over questions affecting only individual Class members, including, for example, as follows:

   a. Whether Defendants failed to pay wages to Plaintiff and the other Agreed Rate Class members at the agreed rate for working when a client is a cancellation or no show, as set forth herein;

   b. Whether Defendants' standardized agreements with Class members constitutes an agreement to pay wages under the IWPCA;

   c. Whether Defendants failed to pay overtime to Plaintiff and other Overtime Class members at one and one-half times the regular rate of pay, as set forth herein;

   d. Whether Defendants' conduct violates the IMWL and IWPCA; and

   e. Whether Plaintiff and other Class members are entitled to back pay, damages, and penalties allowed by applicable law.

## COUNT II

**VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT FOR FAILURE TO PAY WAGES**

58. Plaintiff repeats and realleges paragraphs 1-34 and 40-57 as if fully alleged herein, and brings Count II individually and on behalf of the Agreed Rate Class.

59. Defendants are an employer and Plaintiff and other members of the Agreed Rate Class are employees within the meaning of the Illinois Wage Payment and Collection Act. 820 ILCS 115/2.

60. Defendant entered into an agreement with Plaintiff and the other members of the Agreed Rate Class to pay them wages. The agreement specified that Plaintiff and the other Agreed Rate Class members would be paid a specific hourly wage in instances when a client cancels or does not show for a training session.

61. As set forth above, Defendants paid Plaintiff and other members of the Agreed Rate Class at a rate lower than the agreed hourly rate for when a client cancels or does not show for a training session.

62. As a result, Defendants have failed to pay Plaintiff and other members of the Agreed Rate Class wages owed to them, in violation of their employment agreements and the IWPCA.

63. As a result, Plaintiff and the Agreed Rate Class were damaged and are entitled to appropriate relief in an amount to be proven at trial.

64. Plaintiff seeks to recover from Defendants all unpaid wages owed to Plaintiff and other Agreed Rate Class members, plus applicable interest, statutory damages, penalties, and attorneys' fees and costs. *See* 820 ILCS 115/14.

## COUNT III

### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

65. Plaintiff repeats and realleges paragraphs 1-34 and 40-64 as if fully alleged herein, and brings Count III individually and on behalf of the Overtime Class.

66. The Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a.

67. As further discussed above, Defendants have failed to pay Plaintiff and other members of the Overtime Class overtime compensation at a rate of one and one-half their regular rate of pay for hours worked in excess of forty (40) in a workweek, even though Plaintiff and other members of the Overtime Class worked in excess of forty (40) hours in a workweek.

68. Plaintiff and other members of the Overtime Class are not subject to any of the IMWL's exemptions to the payment of overtime at a rate not less than one and one-half times the employee's regular rate. *See* 820 ILCS 105/4a(2).

69. Pursuant to the IMWL and relevant regulations, the regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including any and all payments of commissions – *e.g.*, one and one-half times the composite of the hourly rate *and* commissions, as reflected in overtime adjustments or "true-ups" as set forth above. *See also* 56 Ill. Admin. Code §§ 210.410, 210.430(i).

70. Defendants failed to properly compensate Plaintiff and the Overtime Class for overtime at a rate of one and one-half times their regular rates of pay for overtime hours worked – they failed to account for commissions in the regular rate of pay and failed to pay overtime adjustments or "true-ups", as set forth more fully above..

71. Plaintiff and other members of the Overtime Class are entitled to recover the amount of any and/or all underpayments in violation of the IMWL. *See* 820 ILCS 105/12(a).

72. Further, Plaintiff and other members of the Overtime Class are entitled to statutory interest for each month that elapsed without receiving timely overtime payments due. *See* 820 ILCS 105/12(a) (prescribing "damages of 2% of the amount of any such underpayments *for each month* following the date of payment during which such underpayments remain unpaid") (emphasis added).

73. As a result of Defendants' above-described illicit conduct in violation of the IMWL, Plaintiff and other Overtime Class members were damaged and are entitled to payment of their due and owing overtime compensation and any applicable penalties and interest.

74. Defendants are an employer and Plaintiff and members of the Overtime Class are employees within the meaning of the IWML.

75. Plaintiff seeks to recover from Defendants overtime wages for overtime worked as set forth above, plus statutory damages, interest, attorneys' fees, and costs. *See* 820 ILCS 105/4a, 12a.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

   a. Find that this case may be properly maintained as a FLSA collective action, and as a class action pursuant to Fed. R. Civ. P. 23, and appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

   b. Order issuance of notice to the Collective;

   c. Find that Defendants violated and willfully violated the FLSA, and enter judgment in Plaintiff's favor and against Defendants accordingly;

   d. Find that Defendants violated the IWPCA, and enter judgment in Plaintiff's favor

and against Defendants accordingly;

e. Find that Defendants violated the IMWL, and enter judgment in Plaintiff's favor and against Defendants accordingly;

f. Declare the rights of the parties and provide commensurate injunctive relief;

g. Award any back pay due to Plaintiff and the Collective for any unpaid overtime wages according to the applicable statute of limitations;

h. Award liquidated damages to Plaintiff and the Collective equal to the amount of unpaid back wages or overtime, pursuant to the FLSA;

i. Award damages and compensation to Plaintiff and other members of the Class, including the full amount of all unpaid wages and overtime wages, statutory and punitive damages, penalties, and interest as allowed under the IWPCA and IMWL;

j. Award prejudgment interest with respect to the total amount of unpaid overtime compensation to the extent permitted by applicable law;

k. Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendants due to their above-described improper conduct;

l. Award reasonable attorneys' fees and costs to Plaintiff's counsel as allowed by applicable law and statute; and

m. Award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all causes of action and matters so triable.

Respectfully submitted,

Shaun Vlk, on behalf of himself and all similarly situated persons

By: /s Mark A. Bulgarelli, Esq.
One of Plaintiff's Attorneys

Mark A. Bulgarelli, Esq.
Ilan Chorowsky, Esq.
PROGRESSIVE LAW GROUP LLC
1570 Oak Avenue, Suite 103

Evanston, IL 60201
(312) 787-2717